**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAIME RODRIGUEZ,<br><br>    Petitioner,<br><br> - v. -<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 14 Civ. 4628 (CSH)<br>94 Cr. 313 (CSH-15) |
| STEVEN CAMACHO,<br><br>    Petitioner,<br><br> - v. -<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 14 Civ. 4846 (CSH)<br>94 Cr. 313 (CSH-14)<br><br>NOVEMBER 12, 2019 |

**MEMORANDUM AND ORDER**

HAIGHT, Senior District Judge:

  Jaime Rodriguez and Steven Camacho, appearing *pro se*, have filed a "Joint Motion to Reopen Proceedings and Vacate Conviction and Sentence under 28 U.S.C. § 2255."

  This filing is dated October 29, 2019. It bears Docket Numbers 14-cv-4628 and 14-cv-4846. Those numbers designate habeas corpus petitions filed under § 2255 by Rodriguez and Camacho respectively (hereinafter "Petitioners") which the Court consolidated for all purposes. Petitioners

1

challenged their sentences imposed in June 2000, following their convictions by jury trials for violations of 18 U.S.C. § 1959 and 18 U.S.C. 924(c).

This Court denied those habeas petitions in their entirety. 2017 WL 6404900 (S.D.N.Y. Dec. 23, 2017). The Second Circuit affirmed. 767 F. App'x 160 (2d Cir. April 19, 2019). Petitioners' present submission seeks to reopen their quest for habeas relief, on the basis of the Supreme Court's recent decision on June 24, 2019 in *United States v. Davis*, 139 S.Ct. 2319 (2019). *Davis* held that § 924(c)(3)(B) is unconstitutional. *Davis* raises new questions of substance which the Court must address. The preferable practice is to give these petitions new docket numbers, one for Rodriguez and the other for Camacho. By this Order, the Clerk is directed accordingly.

The present relevant circumstances are these:

The case focused upon events occurring on a Bronx street during the night of January 2, 1993. The indictment charged five counts against each Petitioner: Count One, conspiracy to murder Hector Ocasio, in violation of 18 U.S.C. § 1959(a)(5); Count Two, murder of Ocasio, in violation of 18 U.S.C. § 1959(a)(1); Count Three, murder of Gilberto Garcia, in violation of 18 U.S.C. § 1959(a)(1); Count Four, attempted murder of Luis Garcia, in violation of 18 U.S.C. § 1959(a)(5); and Count Five, use and carry of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

The jury convicted each Petitioner on each count. The Court sentenced each Petitioner to 25 years imprisonment on each of Counts Two and Three; 10 years imprisonment on each of Counts One and Four; and 5 years imprisonment on Count Five. The sentences directed that the terms on Counts One Through Four run concurrently with each other, and that the term on Count Five run consecutively to the terms imposed under Counts One through Four. The 5-year term on Count Five

had to run consecutively to the other terms because 18 U.S.C. § 924(c), which Petitioners were convicted of having violated, imposes lengthy prison terms on anyone who uses a firearm in connection with certain other federal crimes, and provides specifically that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." § 924(c)(1)(D).

In *Davis*, the defendants were convicted of multiple counts of armed robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951(a). They were also convicted of violating the firearm statute, § 924(c), which led to the separate consecutive sentence mandated by that statute. The Supreme Court held that one provision in § 924(c) was unconstitutional.

Specifically, the statute heightens criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). The statute in § 924(c)(3) defines the term "crime of violence" in two subparts, "the first known as the elements clause, and the second the residual clause." *Davis*, 139 S.Ct. at 2324. The adjectives describe the legislative boundaries: a crime falls within the elements clause if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A), and within the residual clause if the crime "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). The Supreme Court held in *Davis* that the residual clause contained in § 924(c)(3)(B) was unconstitutionally vague.[1]

The Supreme Court's holding in *Davis* that § 924(c) is unconstitutional applies retroactively,

---

[1] The Court decided *Davis* by a 5-4 vote, with a notable split between the two most recently appointed Justices: Justice Gorsuch wrote the majority opinion and Justice Kavanaugh wrote the dissent.

3

and the Second Circuit has found itself required to reconsider some of its own prior sentencing decisions. An example is furnished by *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), where the defendant was convicted of and sentenced on "multiple counts of conspiratorial and substantive Hobbs Act robbery and related crimes of using a firearm during and in relation to those robbery crimes." 937 F.3d at 127. The Second Circuit affirmed the convictions and sentences on direct appeal. The Supreme Court vacated the Second Circuit's judgment in *Barrett* and remanded for further consideration in light of the Court's decision in *Davis*. 139 S.Ct. 2774 (2019). On remand, the Second Circuit said:

> Having given that consideration, we now vacate Barrett's Count Two § 924(c) conviction for using a firearm in committing Hobbs Act robbery conspiracy – the only count of conviction that Barrett challenges in light of *Davis*. . . . [W]e affirm Barrett's conviction in all other respects and remand for resentencing in light of our partial vacatur.
>
> We are obliged to vacate Barrett's Count Two conviction because *Davis* precludes us from concluding, as we did in our original opinion, that Barrett's Hobbs Act robbery conspiracy crime qualifies as a § 924(c) crime of violence.

937 F.3d at 127. The Second Circuit's further description of its resolution of *Barrett* on remand is instructive:

> Invited to brief the effect of *Davis*'s holding on this appeal, the prosecution and the defense agree that Barrett's Count Two conviction for using a firearm in committing Hobbs Act robbery *conspiracy* must be vacated because the identification of that crime as one of violence depends on the § 924(c)(3)(B) residual clause definition, which *Davis* has now pronounced unconstitutionally vague.
>
> Neither party argues that *Davis* requires vacatur of Barrett's Count Four, Six or Seven § 924(c) convictions. This is not surprising. The predicate offense for each of these crimes is *substantive* Hobbs Act

4

> robbery, which can be identified as a crime of violence under
> § 924(c)(3)(A) applying the traditional, elements only, categorical
> approach not at issue in *Davis*. Thus, for the reasons stated in our
> original opinion, we again affirm Barrett's convictions on Counts
> Four, Six and Seven.
>
> As to Barrett's Count Two conviction, however, *Davis* compels
> vacatur. The Supreme Court's unequivocal rejection of a case-
> specific approach to § 924c)(3)(B) precludes further reliance on the
> particular murderous violence of Barrett's robbery conspiracy to
> identify that offense as a crime of violence predicate under
> § 924(c)(3)(B).

*Id.* at 128-129 (emphases in original; citations omitted).

In the case at bar, Camacho and Rodriguez contend that they are entitled to relief under *Davis,* and request that this Court "vacate their convictions under § 924(c), and set the matter for resentencing." Joint Motion, at 17.[2] Understandably, these Petitioners ask that their application be heard expeditiously, since if the *Davis* decision requires the Court to vacate the convictions of Camacho and Rodriguez for violating § 924(c), they may have served all the time imposed under the other counts and should be released. I do not say in this Memorandum and Order that such a result would obtain, but Petitioners say that it should.

In these circumstances, the Government is directed to file and serve a brief setting forth its views upon the effect, if any, of the Supreme Court's decision in *Davis* upon the convictions and

---

[2] Petitioners also say they are entitled to relief under an earlier Supreme Court decision, *Johnson v. United States,* 135 S.Ct. 2551 (2015). In *Johnson* the Court struck down as unconstitutionally vague a similarly worded residual clause definition of "violent felony" in the Armed Career Criminal Act. During the pendency of Rodriguez's habeas petition in the case at bar, the Federal Defender's Office submitted a letter brief on his behalf, arguing that the Court's decision in *Johnson* should be applied by extension to the statute in this case. Neither this Court nor the Court of Appeals responded to that application during the prior habeas proceedings. Subsequently, the Supreme Court decided *Davis,* which applies directly to the firearm statute under which Rodriguez and Camacho were convicted. *Davis* is the controlling authority in the instant case.

sentences of Camacho and Rodriguez in the case at bar. If the United States Attorney for this District agrees with Petitioners that as a result of *Davis* their § 924(c) convictions and sentences should be vacated, I expect the Government will say so, in furtherance of that Office's deserved reputation for serving the justice of a cause: *compare Barrett*, 937 F.3d at 128 (as the result of the *Davis* holding, "the prosecution and the defense agree" that a firearm conviction "must be vacated."). If the Government contends that *Davis* does not entitle Petitioners to any relief, its brief will explain why that is so. In this Memorandum and Order, the Court neither expresses nor intimates a view on the question.

Given the exigencies of the case, the Government is directed to file and serve its responsive brief on or before **December 3, 2019.** Petitioners, if so advised, may file and serve a reply brief on or before **December 20, 2019.**

The Clerk is directed to give these petitions new case numbers.

It is SO ORDERED.

Dated: New Haven, Connecticut
November 12, 2019

CHARLES S. HAIGHT, JR.
Senior United States District Judge