UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIME RODRIGUEZ, <br><br>          Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>          Respondent. | 14 Civ. 4628 (CSH) <br> 94 Cr. 313 (CSH-15) |
| STEVEN CAMACHO, <br><br>          Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>          Respondent. | 14 Civ. 4846 (CSH) <br> 94 Cr. 313 (CSH-14) |

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

Jaime Rodriguez and Steven Camacho, appearing *pro se*, have filed a "Joint Motion to

Reopen Proceedings and Vacate Conviction and Sentence under 28 U.S.C. § 2255." Specifically,

movant Rodriguez, currently incarcerated at Federal Correctional Institution ("F.C.I.") Fort Dix in

New Jersey, brings this *pro se* motion seeking to reopen his motion under 28 U.S.C. § 2255 in

*Rodriguez v. United States*, No. 1:14-CV-04628 (CSH), which challenged the legality of his sentence

entered in *United States v. Rodriguez*, No. 1:94-CR-00313-CSH-15 (S.D.N.Y. April 11, 2000).

Movant Camacho, currently incarcerated at F.C.I. Schuylkill in Pennsylvania, brings this *pro se*

motion seeking to reopen his motion under 28 U.S.C. § 2255 in *Camacho v. United States*, No. 1:14-

CV-4846 (CSH), which challenged the legality of his sentence entered in *United States v. Camacho*,

No. 1:94-CR-00313-CSH-14 (S.D.N.Y. June 19, 2000).

In June 2016, the Federal Defenders of New York were assigned under the SDNY Standing

Order 16-Misc-0217, to review Rodriguez's and Camacho's convictions in light of the Supreme

Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* No. 1:94-CR-313-CSH-

15, ECF No. 819. The Federal Defenders requested leave to brief the issue and asked the Court to

address the *Johnson* issue in the pending § 2255 motion. The movants now argue that their § 2255

motion was nevertheless resolved without addressing the issue.[1]

A post-judgment motion may be treated as a proper request for relief under Rule 60(b), Fed.

R. Civ. P., only if it "relates to the integrity of the federal habeas proceeding, not to the integrity of

the criminal trial." *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004) (quoting *Rodriguez v.

Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001)). Because it appears that Rodriguez and Camacho may

not have had an opportunity to be heard on these claims, this joint application is properly made as

a motion under Rule 60(b) to reopen *Rodriguez v. United States*, No. 1:14-CV-04628 (CSH) and

*Camacho v. United States*, No. 1:14-CV-4846 (CSH).

In addition to their arguments regarding *Johnson*, Rodriguez and Camacho now jointly

assert that they are entitled to habeas relief on the basis of the United States Supreme Court's recent

---

[1] In *Johnson v. United States,* 135 S. Ct. 2551 (2015), the Supreme Court struck down as unconstitutionally vague the definition of "violent felony" in the Armed Career Criminal Act. During the pendency of the present movants' habeas petition, the Federal Defenders' Office submitted a letter brief on Rodriguez's and Camacho's behalf, arguing that the Court's decision in *Johnson* should be applied by extension to the statute in this case. Neither this Court nor the Court of Appeals responded to that application during the prior habeas proceedings.

decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). *Davis* held that § 924(c)(3)(B) of

the firearms statute is unconstitutional. *Davis* raises new questions of substance which the Court

must address to resolve the pending joint motion.[2] *See, e.g., United States v. Barrett*, 937 F.3d 126,

127 (2d Cir. 2019) (vacating and remanding Barrett's Count Two conviction "because *Davis*

precludes [the Second Circuit] from concluding . . . that Barrett's Hobbs Act robbery conspiracy

crime qualifies as a § 924(c) crime of violence").

## CONCLUSION

Under these circumstances, the Court makes the following Orders:

(1) the Clerk of the Court is directed to file the joint application of Rodriguez and Camacho,

dated October 29, 2019, as a motion under Rule 60(b) of the Federal Rules of Civil Procedure in the

---

[2] In *Davis*, the defendants were convicted of multiple counts of armed robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951(a). They were also convicted of violating the firearms statute, 18 U.S.C. § 924(c), which led to the separate consecutive sentence mandated by that statute.

Section 924(c) heightens criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). Section 924(c)(3) defines the term "crime of violence" in two subparts, "the first known as the elements clause, and the second the residual clause." *Davis*, 139 S. Ct. at 2324. A crime falls within the elements clause if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A), and falls within the residual clause if the crime "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," § 924(c)(3)(B). Moreover, "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed," § 924(c)(1)(D)(ii).

The Supreme Court held in *Davis* that the residual clause contained in § 924(c)(3)(B) was unconstitutionally vague and that this holding should be applied retroactively.

3

consolidated habeas case of *Rodriguez v. United States*, No. 1:14-CV-04628 (CSH), and *Camacho v. United States*, No. 1:14 Civ. 4846 (CSH);

(2) because all matters with respect to the present motion may be properly resolved in the consolidated habeas case under Rule 60(b), Fed. R. Civ. P., the Court hereby VACATES its prior "Memorandum and Order" (filed November 12, 2019) and directs the Clerk of the Court to administratively close the newly-opened civil actions with case numbers 1:19-CV-10407, 1:19-CV-10410, 1:19-CV-10511, and 1:19-CV-10512;[3]

(3) the Clerk of the Court is directed to mail a copy of this Order to *pro se* movants Jaime Rodriguez and Steven Camacho and to notify the Federal Defenders of New York and the Respondent of this Order;

(4) within fourteen (14) days of the date of this Order, the Federal Defenders shall notify the Court whether they intend to represent Rodriguez and/or Camacho in this matter; and if so, they shall propose a briefing schedule;

(5) once the Court has received a response from the Federal Defenders, or the time to respond has expired, the Court will issue an order directing Respondent to file a response to the application;[4] and

---

[3] The briefing schedule for the Government's submissions, as set forth in that prior Order, is also vacated. Therefore, the prior deadline of December 3, 2019, for the Government's response to the joint motion is set aside.

[4] *See* n.3, *supra.*

(6)  all further filings in this matter shall be made in the consolidated habeas case (Nos. 1:14-

CV-4628 (CSH) and 1:14-CV-4846 (CSH)).

It is SO ORDERED.

Signed: November 18, 2019
        New Haven, Connecticut

CHARLES S. HAIGHT, JR.
Senior United States District Judge